IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JEFFREY JONES**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:06-CV-1535-L** |
| | § | |
| **UNITED PARCEL SERVICE, INC. (Ohio)**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are: (1) Defendant's Motion for Summary Judgment, filed February 4, 2008; (2) Plaintiff's Motion to Strike Defendant's Summary Judgment Evidence, filed February 25, 2008; and (3) Defendant's Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence, filed March 11, 2008. After considering the motions, responses, replies, record, and applicable law, the court **grants** Defendants' Motion for Summary Judgment; **denies as moot** Plaintiff's Motion to Strike Defendant's Summary Judgment Evidence; and **denies as moot** Defendant's Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence.

### I.  Factual and Procedural Background

Plaintiff Jeffrey Jones ("Plaintiff" or "Jones") brings a claim of religious discrimination against Defendant United Parcel Service, Inc. ("Defendant" or "UPS) pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Defendant moves for summary judgment on Plaintiff's claim. Defendant and Plaintiff filed evidentiary appendices in support of their respective positions. Both parties also move to strike portions of the opposing party's evidence.

Plaintiff began working for UPS in 1986 and worked as a part-time unloader and sorter until he became a full-time package car driver in 1990. Jones is a member of the Seventh Day Adventist Church. As part of his religious beliefs, he observes the Sabbath from sundown Friday until sundown Saturday. During that time, he does not participate in secular activities, including work.

UPS package car drivers are represented by Local 767 of the International Brotherhood of Teamsters, of which Jones is a member. The terms and conditions of his employment are governed by the National Master United Parcel Service Agreement and Southern Region Supplemental Agreement (the "CBA"). Plaintiff's seniority, opportunity to bid delivery routes, work hours, benefits, and other terms of employment were covered by the CBA, which also includes a binding grievance and arbitration procedure.

Driver routes are assigned through a bidding process under the CBA. Routes are placed up for bid once a year and assigned in order of seniority. Pursuant to the CBA, no vacancies or permanent new jobs may be bid on in November or December. Jones drove a route, pursuant to the bidding process, in Collin County that includes Stonebriar Mall.

The CBA also governs work hours, defining a work week as five consecutive days of eight hours each. Drivers are entitled to overtime and are required to take a one-hour lunch break each day. They may request to be relieved of overtime when business permits. No driver may be given less than an eight-hour shift. UPS's "peak season" is between Thanksgiving and Christmas because of the high volume of packages. During this period, pursuant to the CBA, drivers may not take vacation or request relief from overtime.

In 1999, Jones told Ralph Wood, the Lewisville Center Manager, that because of his religious beliefs, he could not work after sundown on Fridays. Wood originally believed that

**Memorandum Opinion and Order – Page 2**

Jones's request for was for one Friday only. When he realized that the request was ongoing, he told Jones that he needed to look into the situation. Wood told Plaintiff that he could not guarantee that Jones would not work after sundown on Fridays, but did agree to try to work with him.

Richard Lozano replaced Wood as the Center Manager in January 2002. Jones spoke to Lozano about his request to be off work before sundown on Fridays. Lozano agreed to do what he could, but he did not provide any guarantee to Jones. Plaintiff testified that several things were done to allow him to finish work by sundown on Fridays, including: taking packages off his truck in the morning; meeting another driver during the day to redistribute his packages; assigning another driver to perform his last pickups; allowing him to leave the building earlier than other drivers; and allowing him to take the entire day off.

In October 2002, Plaintiff submitted a written request for religious accommodation. His request specifically identified the eight-hour minimum dispatch and the mandatory one-hour lunch as the work rule or requirement that needed accommodation. The request was reviewed by Lozano, Division Manager Lanette Ainsworth, and District Human Resources Manager Paul Kula. Plaintiff stated that he was notified by Lozano that UPS was not going to treat him differently from other drivers at UPS. Defendant informed Jones that he could bid on jobs with earlier start times, bid on an Article 22.3 combo job, and request an eight-hour dispatch.

In December 2002, Jones received a warning for failing to complete his assigned route. UPS issued a disciplinary warning letter to Plaintiff. In August 2004, he was terminated for a failure to deliver all assigned packages on a weekday other than Friday. Jones appealed his termination through a grievance procedure, and it was later reduced to a suspension. Jones was terminated again on Friday, December 3, 2004. On that date, Plaintiff returned to the center with packages that he

did not deliver and failed to pick up packages from customers on his route. Jones's termination was for insubordination for failure to complete his work assignment.

Between 2002 and 2004, Defendant posted ten full-time positions that would not have required work on Friday after sundown. Jones bid on one in 2003 and two in 2004, but he did not receive those bids due to seniority or because he was on leaves of absence at the time.

## II. Legal Standard for Summary Judgment

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005). Further, a court "may not make credibility determinations or weigh the evidence" in ruling on motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254-55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine fact issue. *Matsushita Elec. Indus. Co. v. Zenith*

*Radio*, 475 U.S. 574, 586 (1986). Mere conclusory allegations are not competent summary judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.), *cert. denied*, 513 U.S. 871 (1994). The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Ragas*, 136 F.3d at 458. Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.*; *see also Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir.), *cert. denied*, 506 U.S. 832 (1992). "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id*. If the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

### III. Analysis

Defendant moves for summary judgment on Plaintiff's single claim of religious discrimination. UPS argues that Jones was offered a reasonable alternative as required by law, and that his request to be relieved of work on Fridays after sundown is an undue hardship. Plaintiff responds that UPS cannot show either that it offered him a reasonable accommodation or that the

accommodations he requests would be an undue hardship. Plaintiff also lists a number of other accommodations he contends UPS could have offered him.

The parties do not contest the legal standard for a religious discrimination case under Title VII, but do argue about the application of that law to Plaintiff's case. "Under Title VII, as amended in 1972, a covered employer has the 'statutory obligation to make reasonable accommodation for the religious observations of its employees, short of incurring an undue hardship.'" *Eversley v. MBank Dallas*, 843 F.2d 172, 175 (5th Cir. 1988) (quoting *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 75 (1977)). To establish a *prima facie* case of religious discrimination, Jones must show: "that he had a *bona fide* religious belief that conflicted with an employment requirement, that he informed the employer of his belief, and that he was discharged for failing to comply with the conflicting employment requirement." *Weber v. Roadway Express, Inc.*, 199 F.3d 270, 273 (5th Cir. 2000) (internal citation omitted). If a plaintiff establishes a *prima facie* case, then the burden shifts to defendant "to show that it was unable to reasonably accommodate [plaintiff's] belief without undue hardship." *Id*. An undue hardship exists if an employer must "bear more than a *de minimis* cost." *Hardison*, 432 U.S. at 84.

### A. Reasonable Accommodation

Defendant does not contest that Plaintiff has made a *prima facie* case of religious discrimination, but argues that it offered Jones reasonable accommodations for his religious beliefs. UPS states that it reminded Jones of his ability to request relief from overtime and that between 2002 and 2004, Jones had the opportunity to bid on at least ten full-time jobs that would not conflict with his religious beliefs. Plaintiff disputes that the offered accommodations were reasonable. First, he points out that under the CBA, his ability to request relief from overtime was limited to two requests

per month and that he could not make a request during peak season. Second, he contends that the ability to bid on other jobs is not a "reasonable" accommodation.

Defendant must only show that it offered a reasonable accommodation, the law does not require an employer to offer an employee his preferred accommodation. *Ansonia Bd. of Educ. v. Philbrook*, 479 U.S. 60, 68-69. "[W]here the employer has already reasonably accommodated the employee's religious needs, the statutory inquiry is at an end. The employer does not need further show that each of the employee's alternative accommodations would result in undue hardship." *Id*.

The court determines that UPS offered Jones a reasonable accommodation, the opportunity to bid on other full-time jobs that did not require work on Fridays after sundown. The evidence demonstrates that ten full-time jobs were available for bidding between 2002 and 2004. While it is true that Plaintiff applied for three of these jobs and did not receive them, there were at least seven other opportunities for him to change to a job that did not conflict with his religious beliefs. Plaintiff has not pointed to any evidence in the summary judgment record that would demonstrate that he would not or could not have applied for or received these other jobs.

Jones's reliance on *Sturgill v. United Parcel Service, Inc.*, 512 F.3d 1024 (8th Cir. 2008), is misplaced. This case, from the Eighth Circuit Court of Appeals, is not controlling authority in this circuit, and while the facts are similar, the appellate court reversed the district court's jury instruction, and its holdings do not persuade the court that the offered accommodation in this case was unreasonable. In *Sturgill*, the court specifically cited with approval authority from this circuit in which "the court concluded that it was a reasonable accommodation as a matter of law when the employer offered to help the employee apply for other positions 'where the likelihood of encountering further conflicts with her religious beliefs would be reduced.'" *Id*. at 1031-32 (quoting

*Bruff v. North Mississippi Health Servs., Inc.*, 244 F.3d 495, 501 (5th Cir.), *cert. denied*, 534 U.S. 952 (2001)). Moreover, in *Sturgill*, the court specifically noted that no other jobs were presently available. 512 F.3d at 1028.

Plaintiff's reference to multiple other accommodations that UPS could have offered is similarly unavailing. The court is under no duty to consider each of the proffered alternatives to determine if they meet the standard for being a reasonable accommodation. *Ansonia*, 479 U.S. at 68-69.

Because the court has concluded that the opportunity to bid on other full-time jobs is a reasonable accommodation, it need not reach Plaintiff's contention that the CBA provision allowing relief from overtime was not a reasonable accommodation. As noted by the Court in *Ansonia*, the court's inquiry is concluded once it determines that an employer has offered a reasonable alternative. The court, however, will also consider Defendant's argument that Plaintiff's request for accommodation would present an undue burden.

### B. Undue Hardship

UPS also contends that Plaintiff's request to be relieved from work after sundown on every Friday creates an undue hardship for it because its peak season occurs during the shortest days of the year in which there is an earlier sundown, and because Jones's request would require it to ask other employees to work longer hours, to hire additional employees, or to risk losing customers by not meeting promised delivery hours. Jones argues that an undue hardship exists when an accommodation is not possible without:

> (1) violating the seniority provision of a valid collective bargaining agreement; (2) suffering more than "de minimis" costs in terms of money or efficiency in attempting to replace the absent worker; and (3) requiring employees of other religious or non-religious employees

> to work at times that are undesirable to them, in place of the absent worker.

Pl.'s Resp. to Def.'s Mot. for Summ. J. 18 (citing 5 Emp. Coord. Employment Practices § 38:6).

Plaintiff acknowledged that his request would require another driver to perform part of his work and drive part of his route on Fridays after sundown. His request also squarely conflicts with provisions of the CBA that require eight-hour shifts and a one-hour lunch break, and that prohibit requests for relief from overtime during the peak season. The court finds Plaintiff's request similar to the situation in *Hardison*, and as the Court held in that case, "[W]e will not readily construe the statute to require an employer to discriminate against some employees in order to enable others to observe their Sabbath." 432 U.S. at 85.

Plaintiff also misstates the law in this circuit when he argues that hardship must be demonstrated. In this circuit, the "mere possibility" of an undue hardship is enough to reject a proposed accommodation. *Bruff*, 244 F.3d 501 n.14; *Weber*, 199 F.3d at 274. This standard has been met by Defendant because Plaintiff's testimony demonstrates the need to replace him on certain Friday evenings and because his need for accommodation falls within Defendant's busiest time of the year.

Finally, that UPS accommodated Plaintiff in the past does not require it to continue that accommodation. *See, e.g.*, *Medrano v. City of San Antonio*, 179 Fed. Appx. 897, 902-04 (5th Cir. 2006). The court determines that Defendant has met the legal standard for showing that Plaintiff's request presents an undue burden. Accordingly, the court concludes that there is no genuine issue of material fact with respect to Plaintiff's religious discrimination claim, and that Defendant is entitled to judgment as a matter of law.

### C. Plaintiff's Motion to Strike Defendant's Summary Judgment Evidence and Defendant's Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence

Finally, the court considers the parties' cross-motions to strike certain evidence submitted in the appendices. Plaintiff objects to Defendant's use of a declaration from Thomas E. Roberson because he was not identified in Defendant's initial disclosures. Defendant moves to strike the uncited portions of Plaintiff's appendix and objects to certain portions of declarations of James Marzolf and David Watsky.

The court has reviewed these motions and the evidence and determines that this evidence is not central to the court's conclusions, and sustaining the parties' objections would not change the result. Accordingly, the court **denies as moot** Plaintiff's Motion to Strike Defendant's Summary Judgment Evidence and Defendant's Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence.

Plaintiff's appendix, which he admits includes the full transcripts of certain depositions that are not cited in his response, violates the scheduling order in this case. *See* Scheduling Order ¶ 3 (Mar. 13, 2006) ("***When submitting materials on dispositive motions, the parties are instructed not to unduly burden the record, and shall submit only that evidence which is actually relevant to supporting or opposing the dispositive motions of the party. For example, do not submit the entire deposition of a witness; submit only those pages that are necessary to identify the deponent's connection to the case and establish the point a party desires to make***.") (emphasis in original). The court is under no "duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co. of Connecticut*, 465 F.3d 156, 164 (5th Cir. 2006). Accordingly, the court relies only on the portions of the appendices cited by

the parties in determining this motion. The court frowns on this type of mass submission, as it unnecessarily burdens the record and consumes scarce judicial resources. While Defendant accuses Plaintiff of violating this rule, it bears noting that Defendant's appendix has also caused the court some unnecessary delay. Defendant's use of deposition transcripts that include four full pages of testimony per page, combined with its lack of specific citation to transcript pages and line numbers, has also slowed the court's consideration of this motion.

## IV. Conclusion

For the foregoing reasons, the court concludes that Defendant has shown that there is no genuine issue of material fact as to Plaintiff's claim of religious discrimination. Accordingly, the court **grants** Defendants' Motion for Summary Judgment. The court **dismisses** this action **with prejudice**. The court also **denies as moot** Plaintiff's Motion to Strike Defendant's Summary Judgment Evidence and **denies as moot** Defendant's Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence.

**It is so ordered** this 30th day of June, 2008.

Sam A. Lindsay
United States District Judge